IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00941-TPO

JOSE ANTONIO VEGA PALACIO,

     Petitioner,

v.

JUAN BALTAZAR, Warden of the
Denver Contract Detention Facility;
ROBERT HAGAN, Field Office Director of the
Aurora Field Office, Immigration and Customs Enforcement;
KRISTI NOEM, Secretary of the
U.S. Department of Homeland Security;
PAMELA BONDI, Attorney General of the United States;

in their official capacities, and

U.S. DEPARTMENT OF HOMELAND SECURITY,

     Respondents.

---

## ORDER TO SHOW CAUSE

---

**Timothy P. O'Hara, United States Magistrate Judge.**

     This matter comes before this Court upon the Petition for Writ of Habeas Corpus. ECF 1.

     Petitioner is a citizen of Mexico who entered the United States without inspection around 2002. *Id.* ¶ 2. Petitioner alleges that the Department of Homeland Security (DHS) detained him on or around December 9, 2025, and Petitioner has been in custody at the GEO Contract Detention Facility in Aurora, Colorado since then. *Id.* ¶¶ 2-3. After arresting Petitioner, DHS has charged Petitioner as being inadmissible to the United States. *Id.* ¶ 13. Petitioner submitted a bond request but withdrew the request "based on personal observations indicating that the Immigration Judge

Corrin would deny the bond redetermination request based on a finding that she lacked jurisdiction." *Id.* ¶ 16.

Generally, Petitioner alleges his detention under 8 U.S.C. § 1225(b)(2)'s mandatory detention framework is unlawful and in violation of the Immigration and Nationality Act (INA) and his right as a purported member of the Bond Denial Class certified in the Central District of California case, *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025). *Id.* ¶ 1. Petitioner asserts he is entitled to a bond determination hearing under 8 U.S.C. § 1226(a). *Id.* ¶¶ 9-10, 34. Petitioner seeks to enforce the declaratory judgment entered in *Maldonado Bautista* and argues his entitlement to release because Respondents have refused to apply the judgment to Petitioner's detention and have maintained that the decision is not controlling against the BIA's decision in *Matter of Yujare Hurtado*, 29 I. &N. Dec. 216 (BIA 2025). *Id.* ¶¶ 11, 15, 17-18. Petitioner also seeks immediate release on the grounds that Respondents may retaliate against him for seeking habeas relief, in the form of a prohibitively high bond such as $50,000. *Id.* ¶¶ 5, 14.

Petitioner pleads a single cause of action: a violation of the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b)(2), 1226(a), and he requests relief pursuant to *Maldonado Bautista*. *Id.* ¶¶ 33-38. Petitioner also requests that this Court issue a writ of habeas corpus for Petitioner's immediate release, or, in the alternative, that Respondents be required to release Petitioner unless he is provided a bond determination hearing within seven days. *Id.* at 9.

After preliminary consideration of the Petition, this Court ORDERS as follows:

**Petitioner shall serve Respondents with his Petition, exhibits, and this Order to Show Cause by <u>March 23, 2026</u>**. Within 48 hours of serving Respondents, Petitioner shall file proof of service on the docket, and counsel for Respondents shall promptly enter notices of appearance.

On or before **March 30, 2026**, the Respondents shall show cause why the Petition [ECF 1] should not be granted. Also by **March 30, 2026**, the Parties shall complete and file the Magistrate Judge Consent Form [ECF 3]. On or before **April 6, 2026**, Petitioner may file a Reply in support of his Petition. As part of the Parties' briefing, they should address whether Petitioner has been detained by immigration authorities in the past, and if so, under which statute he was released.

SO ORDERED.

DATED at Denver, Colorado, this 19th day of March, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge