IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00941-TPO

JOSE ANTONIO VEGA PALACIO,

     Petitioner,

v.

JUAN BALTAZAR, Warden of the
Denver Contract Detention Facility;
ROBERT HAGAN, Field Office Director of the
Aurora Field Office, Immigration and Customs Enforcement;
MARKWAYNE MULLIN,[1] Secretary of the
U.S. Department of Homeland Security;
TODD BLANCHE, Acting Attorney General of the United States;

in their official capacities, and

U.S. DEPARTMENT OF HOMELAND SECURITY,

     Respondents.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus. ECF 1. The Parties have consented to this Court's jurisdiction. ECF 6. Chief Judge Daniel D. Domenico referred the matter to this Court "for final disposition" and to "conduct any and all further proceedings and order the entry of judgment." This Court issued an Order to Show Cause [ECF 4] to which Respondents responded [ECF 7]. With the filing of Petitioner's Reply [ECF 10], the Petition is fully briefed and ripe for review. Because the Court determines that the Petitioner's

---

[1] Pursuant to Fed. R. Civ. P. 25(d), this Court updates the case caption with the names of those Respondents who are the current office holders.

challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having reviewed the Petition and its briefing and having reviewed the relevant case law, the Court **grants** Count One of the Petition.

**FACTUAL BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States without inspection around 2002. ECF 1 ¶ 2. Petitioner alleges that the Department of Homeland Security (DHS) detained him on or around December 9, 2025, and Petitioner has been in custody since then. *Id.* ¶¶ 2-3. Currently, Petitioner is housed at the GEO Contract Detention Facility in Aurora, Colorado. *Id*. ¶ 3. DHS has charged Petitioner as being inadmissible to the United States. *Id.* ¶ 13. Petitioner submitted a bond request but withdrew the request "based on personal observations indicating that the Immigration Judge Corrin would deny the bond redetermination request based on a finding that she lacked jurisdiction." *Id.* ¶ 16.

Generally, Petitioner alleges his detention under 8 U.S.C. § 1225(b)(2)'s mandatory detention framework is unlawful and in violation of the Immigration and Nationality Act (INA). *See* ECF 1 at 3 ("'[t]he plain text and structure of § 1225 and § 1226 support a determination that § 1225(b)(2)(A)'s provision for mandatory detention does not apply to someone like [Petitioner], who has been residing in the United States for more than two years.'") (citing *Nava Hernandez v. Baltazar*, No. 25-cv-3094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025)). Petitioner also seeks enforcement of his rights as a purported member of the Bond Denial Class certified in the Central District of California case, *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025). *Id.* ¶ 1. For these reasons, Petitioner asserts he is entitled to a bond determination hearing under 8 U.S.C. § 1226(a). *Id.* ¶¶ 9-10, 34. Petitioner also

seeks immediate release on the grounds that Respondents may retaliate against him for seeking habeas relief, in the form of a prohibitively high bond such as $50,000. *Id.* ¶¶ 5, 14.

**JURISDICTION AND LEGAL STANDARD**

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is undisputed that Petitioner has been in immigration custody in the District of Colorado since December 9, 2025. ECF 1 ¶ 2. "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

**ANALYSIS**

Petitioner argues that his immigration detention is unlawful because, generally, it violates the Immigration and Nationality Act (INA), and specifically he is entitled to relief based on the final order issued in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3289861 (C. D. Cal. Nov. 20, 2025), *id.* ¶¶ 33-38.[2] Petitioner asks this Court to compel Respondents to conduct a bond hearing, or, alternatively, to order his immediate release. *Id.* at 9.

---

[2] As Respondents noted in their Response, the Central District of California District Court's class certification and declaratory judgment orders from *Maldonado Bautista* were administratively stayed pending the government's appeal in the Ninth Circuit. ECF 7 at 4 n.4; *Maldonado Bautista v. Santacruz*, No. 26-cv-01044, Dckt. No. 5 (9th Cir. entered Mar. 6, 2026). The Court agrees that the administrative stay weighs against considering Petitioner's challenge under *Maldonado Bautista*. *Id.*, Dckt. No. 14 (9th Cir. entered March 31, 2026). As a result, the Court declines to

**I.        Whether 8 U.S.C. § 1225(b) or 8 U.S.C. § 1226(a) Govern Petitioner's Detention**

The Court finds that Petitioner has raised a credible challenge to his detention under the INA[3] and has demonstrated that § 1226(a), not § 1225(b), governs his detention. As acknowledged by the government, ECF 7 at 2, this Court has already addressed and rejected Respondents' interpretation of § 1225(b). *See Colindres Carmona v. Ceja*, No. 25-cv-04061-TPO, ECF No. 22. There, this Court held that the petitioner was detained under 8 U.S.C. § 1226(a) and not under 8 U.S.C. § 1225(b)(2)(A) and thus entitled to a bond determination hearing. *Id.* at 9. The government still disagrees with that ruling, but rather than rehashing its argument as part of this case, it submits an "abbreviated response" and reserves its right to appeal this Court's decision. *Id.* at 2. The government concedes that based on this Court's prior ruling in *Colindres Carmona*, it "would lead the Court to reach the same result here, as the facts of the case are not materially distinguishable from that case . . ." *Id.* at 3. The government is correct, and this Court finds, as it did in *Colindres Carmona* and multiple other cases,[4] that Petitioner's detention is under 8 U.S.C. § 1226(a), and Petitioner is thus entitled to a bond determination hearing.

The detention of noncitizens prior to a final order of removal is governed by two sections of the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings v. Rogriguez*, 583 U.S. 281, 287

---

address the effect of the declaratory judgment issued in *Maldonado Bautista*, 2025 WL 3289861. Instead, the Court considers the merits of Petitioner's claims under the INA.

[3] Respondents do not argue that Petitioner has failed to state a sufficient claim, acknowledging that Petitioner argues that his detention "should be viewed as [Petitioner being] detained under 8 U.S.C. § 1226(a) rather than § 1225(b)." ECF 7 at 4.

[4] *See, e.g.*, *Martinez Garrido v. Baltasar*, No. 26-cv-00428-TPO (D. Colo. Mar. 6, 2026); *Hernandez Murillo v. Ceja*, No. 25-cv-04163-TPO (D. Colo. Mar. 9, 2026); *Hernandez Munoz v. Hagan*, No. 26-cv-00608-TPO (D. Colo. Mar. 17, 2026).

(2018)). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portrillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at \*2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at \*3 (D. Colo. Oct. 24, 2025)).

By contrast, § 1226(a) does not mandate detention. It states that a noncitizen, "[o]n a warrant issued by the Attorney General," may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at \*3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

The crux of the issue is under which section Petitioner's detention should be considered. This Court finds U.S. District Judge Nina Y. Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at \*5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at \*6. Noncitizens who have been living in the country for years are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos*, 2025 WL 2496379, at \*6). This is Petitioner's situation. She was released on her own

5

recognizance under 8 U.S.C. § 1226(a)(2) in December of 2023 and has demonstrated an established presence in the United States by living in this country for the last several years.

The principal thread of Respondents' argument is that all noncitizens that entered the country without permission should be deemed "applicants for admission," regardless of how long these noncitizens have been present in the country. ECF 7 at 2. Respondents claim that *Jennings* supports their conclusion. *Id.* (citing *Jennings*, 583 U.S. at 287). This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes and noted "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *3 (D. Colo. Jan. 26, 2026) (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez*, not in *Jennings*).

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission under § 1225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich, Aug. 29, 2025)); *see also Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2nd Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025)). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for as long as Petitioner. In fact, "federal district courts have overwhelmingly

rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650, at *5 (collecting cases).

The Respondents point out that a limited number of courts have supported Respondents' position. *See* ECF 7 at 2 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502-08 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1137-38 (8th Cir. 2026)). However, *Buenrostro-Mendez* and *Avila* are neither controlling nor persuasive and are no more authority to this Court than *Cunha* and *Castañon-Nava*, cases that support this Court's decision. Because neither the Supreme Court nor the Tenth Circuit have yet weighed in on this issue, this Court finds more persuasive the great weight of authority among the district courts in this Circuit and throughout the country, as well as the decisions from the Second and Seventh Circuits, that have interpreted §§ 1225(b) and 1226(a) and concluded that they do not support the mandatory detention of noncitizens in Petitioner's circumstances.

As a result, this Court orders that Petitioner receive a bond hearing consistent with 8 U.S.C. § 1226(a). Respondents concede this as the appropriate remedy should the Court determine that Petitioner is detained under §1226(a). ECF 7 at 5.

## CONCLUSION

This Court finds that § 1226(a) governs Petitioner's detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

The Respondents shall conduct the appropriate bond hearing within seven days of the date of this Order. *Martinez Escobar*, 2026 WL 503313 at *4. At that hearing, the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk. *Id.*

For the above reasons, it is therefore **ORDERED** that:

7

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Count One;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) within seven days of this Court's order, *i.e.*, **by May 13, 2026**; and

3) On or before **May 15, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied.

SO ORDERED.

DATED at Denver, Colorado, this 6th day of May, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge